UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JACQUELINE FRANCO,

       Plaintiff,

v.

GRUMER & MACALUSO, P.A.,
KEITH T. GRUMER,

       Defendants.
_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, JACQUELINE FRANCO, brings this action against Defendants, GRUMER & MACALUSO, P.A. and KEITH T. GRUMER, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff JACQUELINE FRANCO was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. During Plaintiff's employment, Plaintiff communicated with people outside Florida on a regular and recurring basis, including but not limited to via telephone.

4. At all times material hereto, Defendant GRUMER & MACALUSO, P.A. was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of law firm operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

1

5. Defendant, KEITH T. GRUMER, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, GRUMER & MACALUSO, P.A.; said Defendant acted and acts directly in the interests of Defendant, GRUMER & MACALUSO, P.A., in relation to said co-Defendant's employees. Defendant effectively dominates GRUMER & MACALUSO, P.A. and administratively acts, and has the power to act, on behalf of the corporation relative to its employees, had the authority to direct and control the work of others including Plaintiff, had hiring and firing authority over Plaintiff, and controlled Plaintiff's compensation. Thus, KEITH T. GRUMER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. In justifiable reliance upon Defendants' representations and promises, Plaintiff JACQUELINE FRANCO accepted employment and began working for Defendants as a receptionist and legal assistant.

7. Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

8. Plaintiff have attached a Statement of Claim as <u>Exhibit A</u> to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

9. Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

12. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

13. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_/s/ Elliot A. Kozolchyk_
_____
Elliot Kozolchyk, Esquire
Bar No.: 74791